NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY AND FORAN SPICE COMPANY, INC., ,<br><br>Plaintiffs,<br><br>v.<br><br>UNCOMMON CARRIER, INC.<br><br>Defendant. | Civil Action No.: 15-2297 (JLL) (JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for summary judgment filed by Uncommon Carrier, Inc. ("Defendant"), pursuant to Federal Rule of Civil Procedure 56. (ECF No. 22). Plaintiffs Cincinnati Insurance Company ("Cincinnati") and Foran Spice Company, Inc. ("Foran Spice") filed an opposition to the instant motion on March 4, 2016, and Defendant filed a reply to same on March 14, 2016. (ECF Nos. 24, 25). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's motion for summary judgment.

### BACKGROUND[1]

---

[1] These background facts are taken from Complaint (ECF No. 1, "Compl.") as well as the parties' statements of material facts, filed pursuant to Local Civil Rule 56.1. (ECF No. 22-3, Defendant's Rule 56.1 Statement of Facts ("SMF"); ECF No. 24-1, Plaintiffs' Responses to Defendant's Statement of Material Facts ("Opp. SMF"); ECF No. 24-2, Plaintiffs' Supplemental Statement of Material Facts ("SSMF")). "[T]he Court will disregard all factual and legal arguments, opinions and any other portions of the 56.1 Statement which extend beyond statements of facts." *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, Civ. No. 03-2854, 2005 WL 3077915, at *2 (D.N.J. Nov. 15, 2005); *see also* L. Civ. R. 56.1 ("Each statement of material facts . . . shall not contain legal argument or conclusions of

1

This action initiates from a claim by Plaintiffs Foran Spice Company, Inc. ("Foran") and Foran's insurer, Cincinnati Insurance Company ("Cincinnati"), for damage allegedly caused to Foran's property stored in a warehouse ("the Warehouse") owned and operated by Defendant Uncommon Carrier ("Defendant" or "Uncommon Carrier"). (Compl. ¶¶ 20-24). Foran is a company engaged in the business of creating customized spice and seasoning blends. (Id. ¶ 7). Prior to 2012, Foran and Uncommon Carrier had a business relationship that spanned ten years whereby Foran would store some of its product in Defendant's Warehouse located in Kearny, New Jersey. (Opp. SMF ¶¶ 5; Compl. ¶7).

Plaintiffs now allege that some of Foran's product was damaged in Defendant's Warehouse on October 29, 2012—the date that Hurricane Sandy struck New Jersey. (Compl. ¶ 11). Specifically, Plaintiffs allege that Defendant failed to heed warnings about the path of Hurricane Sandy and therefore "did not take any precautionary measures to protect the product of Foran Spice from the known danger of flooding and rising water from the approaching Hurricane." (Id. ¶ 19). As a result of the alleged product damage, Plaintiffs state that Foran incurred uninsured losses in excess of $400,000 and that Cincinnati, as its insurer, suffered a loss in excess of $500,000 in property damage coverage. (Id. ¶¶ 37-38). Accordingly, Plaintiff brings claims against Defendant for negligence and bailment and seeks damages over $900,000 in damages. (Id. at 4-7).

## LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

---

law.").

To succeed on a motion for summary judgment, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

## ANALYSIS

Defendant argues that Plaintiff's action is untimely and thus should be dismissed with prejudice. (ECF No. 22-4, Defendant's Moving Brief, "Mov. Br." at 5). Specifically, Defendant contends that during the entirety of Foran and Defendant's ten-year business relationship, Foran received hundreds of Warehouse receipts, each containing identical language directing the recipient to "[v]isit www.uncommoncarrier.com for current warehouse terms and conditions." (Id. at 2; ECF No. 22-1, Declaration of Tony Barattucci, General Manager of Uncommon Carrier, Inc., "Baratucci Decl." ¶¶ 3-5). Defendant has submitted a Warehouse receipt dated September 12,

2012 ("Exhibit 1"), which includes the above language. (ECF No. 22-2). The referenced "terms and conditions" provide as follows:

> NOTICE OF CLAIM AND FILING SUIT – Sec. 13
>
> (b) No action may be maintained by the depositor or others against the warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section and unless such action is commenced either within nine months after date of delivery by warehouseman or *within nine months* after depositor of record or last holder of a negotiable warehouse receipt is notified that loss or injury to part or all of the goods has occurred, whichever time is shorter.

(Opp. SMF ¶ 12) (emphasis added).

Based upon the above language, Defendant maintains that Plaintiffs should have filed suit within nine months after learning of the damage to Foran's product. Defendant argues that Plaintiff was notified of the damaged property several days after the October 29, 2012 storm, but did not file the instant action until 2 years and 5 months later—well after the nine-month limitations period allegedly provided for in each of Defendant's Warehouse receipts expired. (Mov. Br. at 3). Accordingly, Defendant states that summary judgment is appropriate in this matter as Plaintiffs' claims are undoubtedly time-barred. (Id.).

In response, Plaintiffs argue that sufficient, credible evidence exists to establish a genuine issue of material fact for trial. (ECF No. 24, Plaintiff's Opposition Brief, "Opp. Br." at 1-2). That is, Plaintiff argues that, contrary to Defendant's representations, not every Warehouse receipt contains language referencing the Defendant's terms and conditions. (Id. at 3-4). In support of this position, Plaintiff has submitted two receipts, dated June 26, 2012 (ECF No. 24-3) and July 27, 2012 (ECF No. 24-6), that are devoid of reference to Defendant's website.

In its reply brief, Defendant states that the two Warehouse receipts that Plaintiffs submitted "do not relate to the cargo in the [W]arehouse at the time of the alleged loss and [P]laintiff does not claim otherwise." (ECF No. 25, "Reply Br." at 4). However, Defendant has not offered any

4

evidence to support its position that these two receipts do not relate to the damaged product at issue in this matter. Defendant also states, for the first time in its reply brief, that it "has provided an affidavit from an individual with knowledge *and warehouse receipts*[2] [specifically, Exhibit 1] *for the cargo in the warehouse at the time of the alleged loss*, all of which refer to a 9-month time to sue requirement." (Id. at 4) (emphasis in original). Yet, Defendant has not offered any evidence, via affidavit or otherwise, to support its position that Exhibit 1 relates to the product at issue. The Court notes that the declaration of Mr. Barattucci, Defendant's General Manager, does not state or otherwise suggest that Exhibit 1 is a receipt for the cargo that Plaintiffs allege was damaged; rather, Mr. Barattucci states generally that: "[a] true and correct copy of the front side of one of the issued Warehouse Receipts is attached hereto as Exhibit 1." (Barattucci Decl. ¶ 4). Moreover, nowhere in Defendant's moving brief does it argue that Exhibit 1 is a receipt for the allegedly damaged product. In any event, this new representation is not substantiated by any affidavit or other evidence filed with Defendant's reply brief.

In its reply brief, Defendant also argues that "[P]laintiff goes to great lengths to try to avoid giving an outright admission that it has notice of Uncommon Carrier's standard terms and conditions, which includes" the nine-month limitation. (Reply Br. at 3). Yet, although Defendant's moving brief notes the lengthy relationship between it and Foran, Defendant fell short of arguing (what it appears to argue for the first time in reply) that, notwithstanding the contents of the Warehouse receipts for the products at issue, the Plaintiffs were aware of the nine-month requirement. The Court declines to impose on Plaintiffs the obligation to refute an argument that was not clearly offered by Defendant in its moving papers.

---

[2] Defendant has only submitted one sample receipt. (See ECF No. 22-2).

5

This Court agrees with Plaintiff that there is a disputed issue of material fact as to whether the operative Warehouse receipts contained a reference to the terms and conditions. Defendant's argument that every receipt contained a reference to its terms and conditions, supported by a single receipt, is undermined by Plaintiffs' submission of two receipts, issued in June and July of 2012, evidencing an absence of that language. This is the most basic form of a genuine issue of material fact.

As discussed above, summary judgment should only be granted when there is no disputed issue of fact or when there is only one reasonable conclusion to be reached from the facts before the Court. Accordingly, the Court denies Defendant's motion for summary judgment.[3]

## CONCLUSION

For the reasons stated herein, the Court denies Defendant's motion for summary judgment. An appropriate Order accompanies this Opinion.

DATED:   March 22, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

[3] Because this Court has found that there is a disputed issue of material fact with regards to the contents of the operative Warehouse receipt, the Court need not reach the question of whether the presence of a website address on a receipt is sufficient, in and of itself, to give Plaintiff notice of a nine-month limitations period.